UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA NETHER,<br><br>                    Plaintiff,<br><br>         v.<br><br>BANK OF AMERICA, N.A., QUALITY LOAN SERVICE CORPORATION; and DOES 1 through 50,<br><br>                    Defendants. | NO: 14-CV-0025-TOR<br><br>ORDER DISMISSING CASE |

As Plaintiff has failed to submit an amended complaint stating a claim upon which relief can be granted, the Court hereby dismisses Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), in accordance with its previous Order Granting Defendant's Motion to Dismiss and Granting Plaintiff Leave to Amend (ECF No. 18).

*Pro se* plaintiff Sandra Nether originally filed this lawsuit to quiet title in Spokane County Superior Court. Defendant Bank of America, N.A. removed it to

ORDER DISMISSING CASE ~ 1

this Court. ECF No. 1.  In response to Bank of America's subsequent Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff filed a motion to remand and two motions for leave to amend.[1] The Court denied Plaintiff's motion to remand and granted Defendant's motion to dismiss, with leave for Plaintiff to amend her complaint. ECF No. 18 at 25. The Court's May 2, 2014 Order clearly stated that "the amended complaint must be legibly rewritten or retyped in its entirety…it may not incorporate any part of the original complaint by reference," and that if she failed "to amend within 30 days as directed, the Court will dismiss the complaint for failure to state a claim." ECF No. 18 at 20.

Within the 30 day period, on May 30, 2014, Plaintiff filed a document captioned "First Amended Complaint."  ECF No. 19. Defendants Bank of New York and MERS were added to the caption and Defendant Bank of America was removed from it. However, Plaintiff's filing contains none of the allegations contained in Plaintiff's original complaint or the complaints submitted with her motions to amend. Rather, the pleading is subtitled "Plaintiff's Motion to Remand and Objection to Defendant's Motion to Dismiss" and constitutes an argument for

---

[1] The complaints submitted with her motions to amend were not accepted as filed because they, like the first complaint, did not sufficiently state a cause of action. ECF No. 18 at 19.

ORDER DISMISSING CASE ~ 2

remand on subject matter jurisdiction grounds and an opposition to the motion to dismiss. ECF No. 19 at 1-2. It states no cause of action against any defendant. Thus, because Plaintiff failed to cure the infirmities identified in the Court's May 2, 2014 Order, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court will dismiss this case with prejudice. *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment."). By once again seeking remand and opposing the motion to dismiss, Plaintiff has clearly shown to this Court that she does not intend to amend her complaint properly.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

All claims and causes of action in this matter are **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

The District Court Executive is hereby directed to enter this Order, enter Judgment accordingly, provide copies to counsel and to Plaintiff, and **CLOSE** the file.

**DATED** June 13, 2014.



THOMAS O. RICE
United States District Judge